UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-150-RSL |
| Plaintiff, | |
| v. | DETENTION ORDER AND REVOCATION OF BOND |
| KEVIN PETERSON, | |
| Defendant. | |

## PROCEDURAL HISTORY AND CURRENT POSTURE

Defendant was convicted of the offense of felon in possession of a firearm. He has served a term of imprisonment, and is now on supervised release. Pending before the court, in separate petitions, are two charges that he has violated the conditions of supervised release.

The first alleged violation, presented to the court on December 6, 2019, was that he changed his place of residence on November 12, 2019 without notifying his probation officer. At an initial appearance before Judge Creatura on that charge on January 6, 2020, defendant denied the allegations, and the court scheduled an evidentiary hearing for February 28, 2020 before Judge Lasnik. The court ordered defendant released on bond, pending that hearing.

The second alleged violation was presented to the court on January 17, 2020. The

DETENTION ORDER
PAGE -1

Probation officer alleged that defendant had left the Seattle area and driven to Vancouver Washington, without obtaining permission. The initial appearance on this new alleged violation was January 21, 2020. Defendant initially admitted the violation, then changed it to a denial. Both alleged violations are set for evidentiary hearing before Judge Lasnik on February 28, 2020.

The remaining issue before the court on January 21, 2020 was whether defendant should remain released on bond pending that hearing.

## SUMMARY OF CONCLUSIONS

(1) Defendant should be DETAINED on the second alleged violation, and

(2) In light of the second alleged violation, defendant's bond on the first alleged violation is probably moot; but in any event that bond should be REVOKED.

## FINDINGS AND CONCLUSIONS

When a person is arrested for an alleged violation of supervised release, "the magistrate judge may release or detain the person under 18 U.S.C. Sec. 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. Proc. 32.1(a)(6).

Defendant's showing in this case falls far short of this demanding standard. The first alleged violation is that he changed his residence without notifying the probation officer. The officer had been unable to reach defendant for a month at the time he submitted his first report. Defendant alleges that he was homeless during that period. Even if that is true, he could and should have contacted his probation officer. The second alleged violation is that he

drove to Vancouver WA without permission from his probation officer.

Defendant has not met the standard for release on bond on the second alleged violation, and must be DETAINED.

This ruling essentially renders moot the question of his continued release on bond on the first alleged violation. But that bond should be revoked, in any event, under 18 U,S.C. Sec. 3148. The record, as it presently stands, shows by clear and convincing evidence that defendant violated his bond by driving to Vancouver WA without permission; and shows by a preponderance of the evidence, that he will not abide by any conditions set by the court. His bond on the first alleged violation is therefore REVOKED.

It is therefore ORDERED:

1. Defendant shall be detained pending disposition of the alleged supervised release violations, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial

Services Officer.

DATED this 21st day of January, 2020.

                                        s/ John L. Weinberg
                                        United States Magistrate Judge